IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Deans, ) | |
| ) | C/A No. 3:04-22639-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Attorney Lawrence Kerr, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      On October 30, 2004, Plaintiff William Deans filed a "Notice of Fraud Upon This Court and Criminal Intimidation Against a Witness in a United States District Court Case by Attorney Lawrance Kerr." (Entry 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

      The Magistrate Judge reviewed Plaintiff's submission pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On November 5, 2004, the Magistrate Judge filed a Report and Recommendation in which he construed the "Notice of Fraud" as a complaint pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the First and Fourteenth Amendments. The Magistrate Judge determined that Defendant had acted under color of state law, so that no cause of action under § 1983 was stated. The Magistrate Judge further noted that Plaintiff has no judicially cognizable interest in the criminal prosecution of another person. The Magistrate Judge also found that any state law claims are not cognizable because the court lacks diversity jurisdiction. Accordingly, the Magistrate Judge recommended that the case be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on November 22, 2004.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff objects to the Magistrate Judge's decision to construe the "Notice of Fraud" as a complaint under § 1983. The gravamen of Plaintiff's objections is that he intended to file a criminal complaint against Lawrence Kerr. As the Magistrate Judge properly noted, Plaintiff has no judicially cognizable interest in the criminal prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Plaintiff's objection is without merit.

After review of the record, the court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

October 20, 2005
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**